UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**HUNTER DWAIN DILLON,**

      **Plaintiff,**

      **v.**

**PHOENIX HOUSE CITRA, FLORIDA,**

      **Defendant,**

      _____/

Case No.: 5:25-cv-00195-MMH-PRL

### REPORT AND RECOMMENDATION[1]

Plaintiff Hunter Dwain Dillon, who is proceeding pro se, filed this action against Phoenix House Citra, Florida, a rehabilitation facility, purporting to allege a claim for racial discrimination pursuant to 42 U.S.C. §1983. Plaintiff has moved to proceed in forma pauperis. (Doc. 6). Noting various issues and deficiencies, the Court previously afforded Plaintiff an opportunity to amend his complaint. (Doc. 7). Plaintiff, however, has not done so and his deadline has passed. Accordingly, I submit that Plaintiff's motion to proceed in forma pauperis should be denied and his amended complaint should be dismissed.

### I. Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II.     Amended Complaint (Doc. 5)

Plaintiff's amended complaint is filed on a Prisoner Civil Rights Complaint Form. (Doc. 5). Plaintiff alleges that he was "sentenced" to the rehabilitation program at the Phoenix House by the State, but that he is "unsure if this facility is owned privately or by the State." (Doc. 5 at 4). He states that his claims arose while he was confined at the court-ordered rehabilitation program. According to Plaintiff:

> I feel as though I was racially discriminated against by a black employee named Ms. Perry who works here at the rehab program I am at on multiple occasions. I have had her say "make him do that" to other people who were doing something so that I would have to do it. On one occasion a black person was washing dishes and she said "make him do that" to him in a racist tone of voice and then I had to do it instead of sanitizing them and putting them away like I was doing. The way she would say "make him do that" and her tone of voice made me feel discriminated against and not like she just wanted me to do something else. On another occasion I had just brought a trashcart back from the dumpster and a black person had their hand on the next cart to take it and she said "help him do that" to me and then I believe she said "make him do that" and I fully remember having to take it to the dumpster by myself.

(Doc. 5 at 5).

Plaintiff alleges that as a result he has short term pain and suffering and feels degraded. He notes that he "appear[s] to just not care about this anymore as much as I did but it may cause me to feel degraded in the future and do not feel as though I will feel this way if I receive a settlement from this." Plaintiff seeks $5,000,000.00 in damages.

### III.   Discussion

Subject matter jurisdiction is a threshold issue in any case pending in a United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir.1994)). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir.2000). Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction.

Here, Plaintiff purports to assert a §1983 claim for racial discrimination. As a general matter, § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted).  To state a claim for relief under § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law; and (2) that such a deprivation occurred under the color of state law. *Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015). "In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a §1983 cause of action against a defendant." *Allen v. John,* Case No. 3:18-cv-1310-J-32JBT, 2019 WL 13440551, at *3 (M.D. Fla. July 15, 2019).  Here, Plaintiff has failed to sufficiently allege either prong.

First, Plaintiff alleges that he was "sentenced" to the rehabilitation program at the Phoenix House by the State, but that he is "unsure if this facility is owned privately or by the

State." A private citizen nevertheless "may be viewed as a state actor under § 1983 'in rare circumstances.' " *Brown v. Lewis*, 361 F. App'x 51, 54 (11th Cir. 2010) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)). The Eleventh Circuit uses three tests to determine whether a private citizen acts under color of state law for § 1983 purposes:

> (1) the public function test, which asks whether the private actors were performing functions "traditionally the exclusive prerogative of the state;" (2) the state compulsion test, which applies to situations where the government coerced or significantly encouraged the unconstitutional actions at issue; and (3) the nexus/joint action test, which applies where the state and the private party were joint participants in the common enterprise.

*Id.* (quoting *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003)).

As noted above, the amended complaint provides very limited factual allegations regarding Phoenix House and its relationship with any state entities, such as the Florida Department of Corrections. Without more information, the Court cannot determine whether the amended complaint plausibly alleges that Phoenix House is a state actor.

Likewise, while Plaintiff, generally alleges that he was the victim of racial discrimination, he fails to identify any specific right (constitutional or otherwise) that was infringed. To the extent Plaintiff is attempting to assert an equal protection violation, he has failed to allege a plausible claim. The Equal Protection Clause of the Fourteenth Amendment provides: "No State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. To state a claim, a plaintiff must "demonstrate that (1) he is similarly situated to others who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006).

Here, Plaintiff simply alleges that on two occasions Ms. Perry spoke to him in a "racist tone" and made him complete a task that an unidentified black individual had already been doing. These limited allegations fail to establish that Plaintiff was treated differently from specific similarly situated individuals or that he was treated differently on account of "invidious discrimination." Indeed, "[a] mere demonstration of inequality is not enough; the Constitution does not require identical treatment." *Id*. at 1319 (quoting *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991)). Further undercutting Plaintiff's claim is his assertion that while these actions made him "feel degraded," he does not "care about this anymore as much as I did but it may cause me to feel degraded in the future and do not feel as though I will feel this way if I receive a settlement from this."

For these reasons, Plaintiff has failed to allege a plausible claim for racial discrimination pursuant to §1983. Plaintiff does not assert any other basis for this Court to exercise federal question jurisdiction, nor does he allege any facts suggesting that diversity jurisdiction is applicable. Accordingly, Plaintiff's motion to proceed in forma pauperis (Doc. 6) should be **denied** and his amended complaint (Doc. 5) should be **dismissed**.

DONE and ENTERED in Ocala, Florida on June 24, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge